# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ROBERT ELMORE, JEREMY CHRISTOPHER,
TED DIBIASE, JR., NICHOLAS COUGHLIN,
DOFFLIN, LLC DOING BUSINESS AS DOFFLIN
MEDIA GROUP, DOFFLIN MANAGEMENT, LLC,
AND DOFFLIN STRATEGIES                                    PLAINTIFFS


VERSUS                          CIVIL ACTION NO. 3:16-CV-296 HSO-JCG


ACRE BEYOND THE RYE, LLC; LYLE HOWRY
 INDIVIDUALLY, AND AS OWNER OF ACRE
BEYOND THE RYE, LLC, AND AS OWNER
OF SKINFLY ENTERTAINMENT;
RICHARD CRAIG MANLEY INDIVIDUALLY, AND
AS OWNER OF ACRE BEYOND THE RYE, LLC;
BARRY BERNSTEIN INDIVIDUALLY, AND AS OWNER
OF ACRE BEYOND THE RYE, LLC; ANDRE GORDON
INDIVIDUALLY, AND AS OWNER OF ACRE BEYOND
THE RYE, LLC; SKINFLY ENTERTAINMENT;
CINEVIEW 3D STUDIOS, LLC; CHRIS DOTSON,
INDIVIDUALLY, AND AS THE MANAGER OF
CINEVIEW 3D STUDIOS, LLC                                   DEFENDANTS


## ANSWER AND AFFIRMATIVE DEFENSES OF
## ACRE BEYOND THE RYE, LLC


## TRIAL BY JURY REQUESTED

COMES NOW Defendant ACRE BEYOND THE RYE, LLC, hereinafter sometimes

referred to as ACRE, by and through counsel, and in response and answer to the

Complaint would show unto this Honorable Court as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant for either compensatory or punitive damages upon which relief can be granted and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Any claims by the Plaintiffs for fraud and/or misrepresentation should be dismissed for failure to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentation.

## THIRD AFFIRMATIVE DEFENSE

This Defendant pleads any and all statutes of limitations, including but not limited to the general statute of limitations as found in Miss. Code Ann. § 15-1-49.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not stated their claim for fraud with particularity as required by Miss. R. Civ. P. 9(B). Accordingly, they are barred from pursuing said claim.

## FIFTH AFFIRMATIVE DEFENSE

Any damages, if any, as may have been sustained by Plaintiffs were not proximately caused by the actions or conduct of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As to all counts and claims alleging negligence by this Defendant, or by any person or entity for which this Defendant is alleged to be liable for, should the facts in this case establish that the Plaintiffs were negligent with respect to their behavior and/or conduct, and should it be established that such negligence, if any, was the sole proximate cause of the injuries and damages alleged by Plaintiffs, then Plaintiffs may not recover therefor. Alternatively, if such negligence, if any, constituted a proximate

contributing cause to any damages of Plaintiffs, if any, then in such event Defendant avers that the injuries and damages should be reduced in proportion thereto.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, payment and release, accord and satisfaction and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

ACRE would affirmatively allege that if Plaintiffs' suffered damage as alleged, which is specifically denied, then the same resulted solely from acts or omissions of persons or entities for which ACRE is neither liable nor responsible.  Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the acts or omissions of other parties over whom this Defendant had no control and for whom this Defendant is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for non-economic damages is subject to and limited by Miss. Code Ann. §§ 11-1-60(1) (a) through (c) (1972 as amended).

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant pleads all rights to set-off and credit available under state law.

### TWELFTH AFFIRMATIVE DEFENSE

Alternatively, ACRE would affirmatively allege that Plaintiff was negligent at all times material to the allegations in this matter and, therefore, any recovery by Plaintiff should be reduced in proportion to the degree of Plaintiff's own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Alternatively, this Defendant would affirmatively allege that to the extent Plaintiff alleges such, joint and several liability has been abolished in Mississippi; there, this Defendant pleads the apportionment of damages as set forth in the provisions of Miss. Code Ann. § 85-5-7 (Supp. 1994).

## FOURTEENTH AFFIRMATIVE DEFENSE

An award of mental anguish or emotional distress damages in this case will violate this Defendant's due process and equal protection rights guaranteed by the Mississippi Constitution and the United States Constitution because Mississippi juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## FIFTEENTH AFFIRMATIVE DEFENSE

To award Plaintiffs damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, this Defendant avers that such an award in this case would violate the safeguards provided to Defendant under both the Mississippi Constitution and the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' injuries, if any, were proximately caused by an independent, efficient, intervening cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts any and invokes all rights and claims for resort to arbitration between and among the parties contained within any agreement between or among any of the parties.  If any agreement between any of the parties provides for arbitration between such parties this Defendant asserts said rights and claims that arbitration of all claims among the parties should be invoked and completed prior to litigation of the matters asserted by Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not specifically stated their special damages, if any, as required by Miss. R. Civ. P. 9(g). Accordingly, they are barred from recovering any such damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged contract or instrument sought to be enforced by Plaintiffs is unconscionable and /or usurious in the relief sought and therefore unenforceable in whole or in part.

## OTHER DEFENSES

This Defendant reserves the right to assert other defenses which may be disclosed in discovery as the investigation moves forward, and hereby request leave of Court to amend this Answer, if necessary, at a later date.  Further, this Defendant asserts all defenses raised by any other Defendant herein to the extent the defenses are consistent with this Defendant's denial of liability.

## ANSWER

Now, in response to the individually number paragraphs of the Complaint, these
Defendants responds as follows:

## Parties

1.

ACRE is without knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations of Paragraph 1 of the Complaint and, therefore, denies the
same.

2.

ACRE is without knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the
same.

3.

ACRE is without knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the
same.

4.

ACRE is without knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the
same.

5.

ACRE is without knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the
same.

6.

ACRE admits that it is a limited liability company organized under the laws State of Louisiana.   ACRE does not contest service of process on it in this matter.  ACRE admits it was engaged in the filming and production of a movie to be entitled *Acre Beyond the Rye* in Mississippi, and that James Caan was intended to be one of the actors appearing in such film.  ACRE admits receiving an Order of the Mississippi Development Authority Certifying *The Acre Beyond the Rye* under the Motion Picture Incentive Act in connection with such production dated May 20, 2015, which was to have expired May 19, 2016.  ACRE denies the remaining allegations of this paragraph of the Complaint.

7.

ACRE denies that at all times relevant Co-Defendant Howry was ". . . an owner and the Managing Member. . ." of ACRE.  ACRE denies any liability for any act of Lowery under any claim of *respondeat superior.*   The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

8.

ACRE admits that Co-Defendant Manley is a Member of ACRE.  ACRE denies any liability for any act of Manley under any claim of *respondeat superior.*   The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient

to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

9.

ACRE admits that Co-Defendant Bernstein is a Member of ACRE.  ACRE denies any liability for any act of Lowery under any claim of *respondeat superior*.  The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

10.

ACRE denies that at all times relevant Co-Defendant Gordon was ". . . an owner of Defendant ACRE." ACRE denies any liability for any act of Gordon under any claim of *respondeat superior*.  The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

11.

ACRE denies any liability for any act of CO-Defendant Skinfly under any claim of *respondeat superior*.  The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is

without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

12.

ACRE denies any liability for any act of Co-Defendant Cineview 3D Studios, LLC under any claim of *respondeat superior*. The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

13.

ACRE denies any liability for any act of Co-Defendant Chris Dotson under any claim of *respondeat superior*. The remaining allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

14.

ACRE denies the allegations of this Paragraph of the Complaint.

15.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

## JURISDICTION AND VENUE

### 16.

Acre does not deny the allegations of this paragraph of the Complaint.

### 17.

ACRE is without knowledge and information as to all members of all limited liability company defendants sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same. This Defendant requires strict proof thereof by Plaintiffs.

### 18.

ACRE admits that a substantial part of the events complained of occurred in Mississippi. This Defendant denies the remaining allegations of this paragraph of the Complaint and requires strict proof thereof by Plaintiffs.

### 19.

This Defendant denies the allegations of this paragraph of the Complaint.

## UNDERLYING FACTS

### 20.

ACRE is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

### 21.

ACRE denies the allegations of this Paragraph of the Complaint.

### 22.

ACRE denies the allegations of this Paragraph of the complaint, except to admit that Exhibits 1, 2 and 3 speak for themselves.

23.

ACRE denies the allegations of this Paragraph of the complaint, except to admit that Exhibit 4, speaks for itself.

24.

ACRE is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

25.

ACRE denies the allegations of this Paragraph of the complaint, except to admit that Exhibit 5 speaks for itself.

26.

ACRE denies the allegations of this Paragraph of the complaint, except to admit that Exhibit 6 speaks for itself.

27.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same, except to admit that Exhibit 7 speaks for itself.

28.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE is without knowledge and information sufficient

to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

29.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

30.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

31.

ACRE admits that filming of the Movie commenced on or about July29, 2015.  ACRE is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

32.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

33.

ACRE denies the allegations of this Paragraph of the complaint.

34.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

35.

 ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same, except to admit that Exhibit 8 speaks for itself.

36.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same, except to state that it does not deny Plaintiffs allegations that some payment was received by them from C-Defendant Howry.

37.

ACRE is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

38.

ACRE denies the allegations of this Paragraph of the complaint.


## Count I – Breach of Contract as to Plaintiffs Elmore and Christopher

39.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

40.

ACRE denies the allegations of this Paragraph of the complaint.

41.

ACRE denies the allegations of this Paragraph of the complaint.

42.

ACRE denies the allegations of this Paragraph of the complaint.


## Count II – Breach of Contract as to Plaintiffs DiBiase, Coughlin and Dofflin

43.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

44.

ACRE denies the allegations of this Paragraph of the complaint.

45.

ACRE denies the allegations of this Paragraph of the complaint.

46.

ACRE denies the allegations of this Paragraph of the complaint.

## Count III – Bad Faith and Tortious Breach of Contract as to Plaintiffs Elmore and Christopher

47.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

48.

ACRE denies the allegations of this Paragraph of the complaint.

49.

ACRE denies the allegations of this Paragraph of the complaint.

## Count IV – Bad Faith and Tortious Breach of Contract as to Plaintiffs DiBiase, Coughlin and Dofflin

50.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

51.

ACRE denies the allegations of this Paragraph of the complaint.

52.

ACRE denies the allegations of this Paragraph of the complaint.

## **Count II – Breach of Duties of Good Faith and Fair Dealing**

### 53.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 54.

The allegations of this paragraph of Plaintiffs' Complaint appears to contain legal conclusions to which a response by ACRE is not warranted. To the extent a response is necessary, out of an abundance of caution HCUA would deny the allegations of this paragraph of the Complaint to the extent they are contrary to established Mississippi law, and not subject to one or more of the defenses asserted herein.  ACRE denies the remaining allegations of this Paragraph of the complaint.

### 55.

ACRE denies the allegations of this Paragraph of the complaint.


## **Count VI – Negligent Misrepresentation**

### 56.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 57.

ACRE denies the allegations of this Paragraph of the complaint.

### 58.

ACRE denies the allegations of this Paragraph of the complaint.

### 59.

ACRE denies the allegations of this Paragraph of the complaint.

### 60.

ACRE denies the allegations of this Paragraph of the complaint.

61.

ACRE denies the allegations of this Paragraph of the complaint.

62.

ACRE denies the allegations of this Paragraph of the complaint.

## **Count VII – Fraudulent Misrepresentation**

63.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

64.

ACRE denies the allegations of this Paragraph of the complaint.

65.

ACRE denies the allegations of this Paragraph of the complaint.

66.

ACRE denies the allegations of this Paragraph of the complaint.

67.

ACRE denies the allegations of this Paragraph of the complaint.

68.

ACRE denies the allegations of this Paragraph of the complaint.

69.

ACRE denies the allegations of this Paragraph of the complaint.

70.

ACRE denies the allegations of this Paragraph of the complaint.

71.

ACRE denies the allegations of this Paragraph of the complaint.

## **Count VIII – Promissory Estoppel**

### 72.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 73.

ACRE denies the allegations of this Paragraph of the complaint.

### 74.

ACRE denies the allegations of this Paragraph of the complaint.

### 75.

ACRE denies the allegations of this Paragraph of the complaint.

### 76.

ACRE denies the allegations of this Paragraph of the complaint.

## **Count IX – Equitable Estoppel**

### 77.

ACRE incorporates herein its responses as set forth in the preceding paragraphs

### 78.

ACRE denies the allegations of this Paragraph of the complaint.

### 79.

ACRE denies the allegations of this Paragraph of the complaint.

### 80.

ACRE denies the allegations of this Paragraph of the complaint.

## Count X - Negligence

### 81.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 82.

The allegations of this paragraph of Plaintiffs' Complaint appears to contain legal conclusions to which a response by ACRE is not warranted. To the extent a response is necessary, out of an abundance of caution ACRE would deny the allegations of this paragraph of the Complaint to the extent they are contrary to established Mississippi law, and not subject to one or more of the defenses asserted herein.  ACRE denies the remaining allegations of this Paragraph of the complaint.

### 83.

ACRE denies the allegations of this Paragraph of the complaint.

## Count XI – Negligent Infliction of Emotional Distress

### 84.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 85.

ACRE denies the allegations of this Paragraph of the complaint.

### 86.

ACRE denies the allegations of this Paragraph of the complaint.

### 87.

ACRE denies the allegations of this Paragraph of the complaint.

## **Count XII - Outrageous**

### 88.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 89.

ACRE denies the allegations of this Paragraph of the complaint.

### 90

ACRE denies the allegations of this Paragraph of the complaint.


## **Count XIII – Tortious Interference With Business Relations**

### 91.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

### 92.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE denies the allegations of this Paragraph of the complaint.

### 93.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE denies the allegations of this Paragraph of the complaint.

### 94.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To

the extent a response is required, ACRE denies the allegations of this Paragraph of the complaint.

95.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE denies the allegations of this Paragraph of the complaint.

96.

The allegations contained in this paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from ACRE.  To the extent a response is required, ACRE denies the allegations of this Paragraph of the complaint.

## Count XIV – Unjust Enrichment

97.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

98.

ACRE denies the allegations of this Paragraph of the complaint.

99.

ACRE denies the allegations of this Paragraph of the complaint.

## Count XV – Punitive Damages

100.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

101.

ACRE denies the allegations of this Paragraph of the complaint.

## **Joint and Several Liability**

102.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

103.

ACRE denies the allegations of this Paragraph of the complaint.

## **Damages**

104.

ACRE incorporates herein its responses as set forth in the preceding paragraphs hereof.

105.

ACRE denies the allegations of this Paragraph of the complaint.

## **Jury Demand**

106.

This paragraph of the Complaint does not require a response of this Defendant.

## **Prayer for Relief**

107.

ACRE denies any and all allegations in this paragraph of the Complaint and all relief

requested therein.

To the extent any allegations of the Complaint are not expressly admitted, they are hereby denied in their entirety.

WHEREFORE, PREMISES CONSIDERED Defendant, ACRE, having fully answered the allegations of the Complaint, and having raised and preserved its Affirmative Defenses thereto, prays that that all claims of Plaintiffs be dismissed with prejudice, with all costs imposed on Plaintiffs.

Respectfully submitted, this 8th day of July, 2016.

ACRE BEYOND THE RYE, LLC

By: _/s/ James C. Simpson, Jr._
        James C. Simpson, Jr. (MSB# 6810), its attorney

James C. Simpson, Esq.
**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:    (228) 867-7141
Facsimile:    (228) 867-7142
jcs@wisecarter.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be filed using the Court ECF system, which forwarded notice to all counsel of record as follows:

Rocky Wilkins, Esq.
Ben Wilson, Esq.
**ROCKY WILKINS LAW FIRM, PLLC**
Post Office Box 277
Jackson, MS 39207

ATTORNEYS FOR PLAINTIFFS

Respectfully submitted this the 9th day of June, 2016.

By:  /s/ James C. Simpson, Jr.
      James C. Simpson, Jr. (MSB# 6810)

James C. Simpson, Esq.
**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:    (228) 867-7141
Facsimile:    (228) 867-7142
jcs@wisecarter.com