**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

ROBERT ELMORE, JEREMY CHRISTOPHER,
TED DIBIASE, JR., NICHOLAS COUGHLIN,
DOFFLIN, LLC DOING BUSINESS AS DOFFLIN
MEDIA GROUP, DOFFLIN MANAGEMENT, LLC,
AND DOFFLIN STRATEGIES                                          PLAINTIFFS


VERSUS                                    CIVIL ACTION NO. 3:16-CV-296 HSO-JCG


ACRE BEYOND THE RYE, LLC; LYLE HOWRY
 INDIVIDUALLY, AND AS OWNER OF ACRE
BEYOND THE RYE, LLC, AND AS OWNER
OF SKINFLY ENTERTAINMENT;
RICHARD CRAIG MANLEY INDIVIDUALLY, AND
AS OWNER OF ACRE BEYOND THE RYE, LLC;
BARRY BERNSTEIN INDIVIDUALLY, AND AS OWNER
OF ACRE BEYOND THE RYE, LLC; ANDRE GORDON
INDIVIDUALLY, AND AS OWNER OF ACRE BEYOND
THE RYE, LLC; SKINFLY ENTERTAINMENT;
CINEVIEW 3D STUDIOS, LLC; CHRIS DOTSON,
INDIVIDUALLY, AND AS THE MANAGER OF
CINEVIEW 3D STUDIOS, LLC                                        DEFENDANTS


**ANSWER, AFFIRMATIVE DEFENSES AND**
**MOTION TO DISMISS OF BARRY BERNSTEIN**

***TRIAL BY JURY REQUESTED***

COMES NOW Defendant BARRY BERNSTEIN, hereinafter sometimes referred

to as BERNSTEIN, by and through counsel, and in response and answer to the

Complaint would show unto this Honorable Court as follows:

**MOTION TO DISMISS**

Defendant BARRY BERNSTEIN, hereinafter sometimes referred to as

BERNSTEIN, specially appears herein for the limited purpose of contesting to

jurisdiction in this cause and respectfully moves this Court for an order dismissing this action for the following reasons:  (1) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction;  or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

BERSTEIN is not alleged to have had and denies having any contacts or business dealings personally or individually of any kind or sort, at any time in Mississippi or with persons in Mississippi.  He has never traveled to Mississippi, done business in Mississippi or committed any act which would subject him to personal jurisdiction in this State.  The Complaint in this cause fails to recite any facts upon which personal jurisdiction may be exercised over BERNSTEIN.

In addition, members of a limited liability company are not proper parties to a suit against the company.  BERNSTEIN is named herein solely by reason of his status as a member of Acre Beyond the Rye, LLC, which is improper under Miss. Code Ann. § 79-29-311(2). Bernstein asks the Complaint be dismissed against him.

WITHOUT WAIVER of his herein above stated Rule 12 (b) Motion to Dismiss and objections to jurisdiction in this cause, and subject to such objections, BERNSTEIN would further respond as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Bernstein for either compensatory or punitive damages upon which relief can be granted and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Any claims by the Plaintiffs for fraud and/or misrepresentation should be dismissed for failure to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentation.

## THIRD AFFIRMATIVE DEFENSE

BERNSTEIN pleads any and all statutes of limitations, including but not limited to the general statute of limitations as found in Miss. Code Ann. § 15-1-49.

## FOURTH AFFIRMATIVE DEFENSE

The alleged contract or instrument sought to be enforced by Plaintiffs is unconscionable and /or usurious in the relief sought and therefore unenforceable in whole or in part

## FIFTH AFFIRMATIVE DEFENSE

Any damages, as may have been sustained by Plaintiffs were not proximately caused by the actions or conduct of BERNSTEIN.

## SIXTH AFFIRMATIVE DEFENSE

As to all counts and claims alleging negligence by BERNSTEIN, or by any person or entity for which BERNSTEIN is alleged to be held liable should the facts in this case establish that the Plaintiffs were negligent with respect to their behavior and/or conduct, and should it be established that such negligence, if any, was the sole proximate cause of the injuries and damages alleged by Plaintiffs, then Plaintiffs may not recover therefor. Alternatively, if such negligence, if any, constituted a proximate contributing cause to any damages of Plaintiffs, if any, then in such event BERNSTEIN avers that the injuries and damages should be reduced in proportion thereto.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, payment and release, accord and satisfaction and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

BERNSTEIN would affirmatively allege that if Plaintiffs' suffered damage as alleged, which is specifically denied, then the same resulted solely from acts or omissions of persons or entities for which BERNSTEIN is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the acts or omissions of other parties over whom BERNSTEIN had no control and for whom BERNSTEIN is not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for non-economic damages is subject to and limited by Miss. Code Ann. §§ 11-1-60(1) (a) through (c) (1972 as amended).

## ELEVENTH AFFIRMATIVE DEFENSE

BERNSTEIN pleads all rights to set-off and credit available under state law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have not specifically stated their special damages, if any, as required by Miss. R. Civ. P. 9(g). Accordingly, they are barred from recovering any such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Alternatively, BERNSTEIN would affirmatively allege that to the extent Plaintiff alleges such, joint and several liability has been abolished in Mississippi; there,

Bernstein pleads the apportionment of damages as set forth in the provisions of Miss. Code Ann. § 85-5-7 (Supp. 1994).

## FOURTEENTH AFFIRMATIVE DEFENSE

BERNSTEIN asserts any and invokes all rights and claims for resort to arbitration between and among the parties contained within any agreement between or among any of the parties.  If any agreement between any of the parties provides for arbitration between such parties BERNSTEIN asserts said rights and claims that arbitration of all claims among the parties should be invoked and completed prior to litigation of the matters asserted by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' injuries, if any, were proximately caused by an independent, efficient, intervening cause.

## OTHER DEFENSES

BERNSTEIN reserves the right to assert other Defenses which may be disclosed in discovery as the investigation moves forward, and hereby request leave of Court to amend this Answer, if necessary, at a later date.  Further, BERNSTEIN asserts all Defenses raised by any other Defendant herein to the extent the Defenses are consistent with BERNSTEIN's denial of liability.

## ANSWER

Now, in response to the individually numbered Paragraphs of the Complaint, BERNSTEIN responds, by numbered Paragraph of the Complaint, as follows:

## Parties

1.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

2.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

3.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

4.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

5.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

6.

BERNSTEIN admits that ACRE is a limited liability company organized under the laws of the State of Louisiana.    BERNSTEIN admits ACRE was engaged in the

filming and production of a movie to be entitled *Acre Beyond the Rye* in Mississippi, and that James Caan was intended to be one of the actors appearing in such film. BERNSTEIN admits ACRE received an Order (dated May 20, 2015), of the Mississippi Development Authority Certifying *The Acre Beyond the Rye* under the Motion Picture Incentive Act in connection with such production dated May 20, 2015, which was to have expired May 19, 2016.  BERNSTEIN denies the remaining allegations of this Paragraph of the Complaint.

7.

BERNSTEIN denies that at all times relevant Co-Defendant Howry was ". . . an Owner and the Managing Member. . ." of ACRE.    The remaining allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

8.

BERNSTEIN denies that at all times relevant Co-Defendant Manley was a member of BERNSTEIN.  The remaining allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

9.

BERNSTEIN admits that he is a Member of ACRE.   BERNSTEIN denies any

liability for any act of ACRE under any claim of *respondeat superior* or otherwise.

Bernstein denies the remaining allegations contained in this Paragraph of the

Complaint.

10.

BERNSTEIN denies that at all times relevant Co-Defendant Gordon was ". . . an

owner of Defendant ACRE.  The remaining allegations contained in this Paragraph of

the Complaint are directed to or concern other Defendants and, therefore, no response

appears to be required from BERNSTEIN.  To the extent a response is required,

BERNSTEIN is without knowledge and information sufficient to form a belief about the

truth of the allegations contained in this Paragraph of the Complaint, and therefore

denies the same.

11.

BERNSTEIN denies any liability for any act of Co-Defendant Skinfly

Entertainment under any claim of *respondeat superior*.  The remaining allegations

contained in this Paragraph of the Complaint are directed to or concern other

Defendants and, therefore, no response appears to be required from BERNSTEIN.  To

the extent a response is required, BERNSTEIN is without knowledge and information

sufficient to form a belief about the truth of the allegations contained in this Paragraph

of the Complaint, and therefore denies the same.

12.

The allegations contained in this Paragraph of the Complaint are directed to or

concern other Defendants and, therefore, no response appears to be required from

BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

13.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

14.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

15.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

16.

Bernstein does not deny the allegations of this Paragraph of the Complaint.

17.

BERNSTEIN is without knowledge and information as to the residence of all members of all limited liability company Defendants sufficient to form a belief about the

truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same. BERNSTEIN demands and requires strict proof thereof by Plaintiffs.

18.

BERNSTEIN admits that a substantial part of the events complained of occurred in Mississippi, but denies the remaining allegations of this Paragraph of the Complaint and requires strict proof thereof by Plaintiffs.

19.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## UNDERLYING FACTS

20.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

21.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

22.

BERNSTEIN denies the allegations of this Paragraph of the Complaint, except to admit that Exhibits 1, 2 and 3 speak for themselves.

23.

BERNSTEIN denies the allegations of this Paragraph of the Complaint, except to admit that Exhibit 4, speaks for itself.

24.

BERNSTEIN is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

25.

BERNSTEIN denies the allegations of this Paragraph of the Complaint, except to admit that Exhibit 5 speaks for itself.

26.

BERNSTEIN denies the allegations of this Paragraph of the Complaint, except to admit that Exhibit 6 speaks for itself.

27.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same, except to admit that Exhibit 7 speaks for itself.

28.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

29.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

30.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

31.

BERNSTEIN admits that filming of "The Movie" may have commenced on or about July 29, 2015.  BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph of the Complaint, and therefore denies the same.

32.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

33.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

34.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

35.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same, except to admit that Exhibit 8 speaks for itself.

36.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same, except to state that it does not deny Plaintiffs' allegations that some payment may have been received by them from Co-Defendant Howry.

37.

BERNSTEIN is without knowledge and information sufficient to form a belief about the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

38.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

**<u>Count I – Breach of Contract as to Plaintiffs Elmore and Christopher</u>**

39.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

40.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

41.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

42.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count II – Breach of Contract as to Plaintiffs DiBiase, Coughlin and Dofflin

43.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

44.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

45.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

46.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count III – Bad Faith and Tortious Breach of Contract as to Plaintiffs Elmore and Christopher

47.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

48.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

49.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count IV – Bad Faith and Tortious Breach of Contract
## as to Plaintiffs DiBiase, Coughlin and Dofflin

### 50.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 51.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 52.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count V – Breach of Duties of Good Faith and Fair Dealing

### 53.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 54.

The allegations of this Paragraph of Plaintiffs' Complaint appears to contain legal conclusions to which a response by BERNSTEIN is not warranted. To the extent a response is necessary, out of an abundance of caution BERNSTEIN would deny the allegations of this Paragraph of the Complaint to the extent they are contrary to established Mississippi law, and not subject to one or more of the Defenses asserted herein.  BERNSTEIN denies the remaining allegations of this Paragraph of the Complaint.

### 55.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count VI – Negligent Misrepresentation

### 56.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 57.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 58.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 59.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 60.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 61.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 62.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count VII – Fraudulent Misrepresentation

### 63.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 64.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 65.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

66.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

67.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

68.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

69.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

70.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

71.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## **Count VIII – Promissory Estoppel**

72.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

73.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

74.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

75.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

76.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count IX – Equitable Estoppel

### 77.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 78.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 79.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 80.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count X - Negligence

### 81.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 82.

The allegations of this Paragraph of the Complaint appears to contain legal conclusions to which a response by BERNSTEIN is not warranted. To the extent a response is necessary, out of an abundance of caution BERNSTEIN would deny the allegations of this Paragraph of the Complaint to the extent they are contrary to established Mississippi law, and not subject to one or more of the Defenses asserted herein.  BERNSTEIN denies the remaining allegations of this Paragraph of the Complaint.

### 83.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count XI – Negligent Infliction of Emotional Distress

### 84.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 85.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 86.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 87.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count XII - Outrageous

### 88.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 89.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 90.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count XIII – Tortious Interference With Business Relations

### 91.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

92.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN denies the allegations of this Paragraph of the Complaint.

93.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN denies the allegations of this Paragraph of the Complaint.

94.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN denies the allegations of this Paragraph of the Complaint.

95.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from BERNSTEIN.  To the extent a response is required, BERNSTEIN denies the allegations of this Paragraph of the Complaint.

96.

The allegations contained in this Paragraph of the Complaint are directed to or concern other Defendants and, therefore, no response appears to be required from

BERNSTEIN.  To the extent a response is required, BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count XIV – Unjust Enrichment

### 97.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 98.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

### 99.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Count XV – Punitive Damages

### 100.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 101.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## Joint and Several Liability

### 102.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 103.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## **Damages**

### 104.

BERNSTEIN incorporates herein its preceding responses to the individual Paragraphs of the Complaint.

### 105.

BERNSTEIN denies the allegations of this Paragraph of the Complaint.

## **Jury Demand**

### 106.

This Paragraph of the Complaint does not require a response of Bernstein.

## **Prayer for Relief**

### 107.

BERNSTEIN denies any and all allegations in this Paragraph of the Complaint and all relief requested therein.

WHEREFORE, PREMISES CONSIDERED Defendant, BARRY BERNSTEIN, having fully answered the allegations of the Complaint, and having raised and preserved its Affirmative Defenses thereto, prays that that all claims of Plaintiffs be dismissed with prejudice, with all costs imposed on Plaintiffs.

Respectfully submitted, this 8th day of July, 2016.

BARRY BERNSTEIN

By:     /s/ James C. Simpson, Jr.
         James C. Simpson, Jr.
         (MSB# 6810), his attorney

**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:     (228) 867-7141
Facsimile:     (228) 867-7142
jcs@wisecarter.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be filed using the Court ECF system, which forwarded notice to all counsel of record as follows:

Rocky Wilkins, Esq.
Ben Wilson, Esq.
**ROCKY WILKINS LAW FIRM, PLLC**
Post Office Box 277
Jackson, MS 39207

ATTORNEYS FOR PLAINTIFFS

Respectfully submitted this the 8th day of July, 2016.

By:     /s/ James C. Simpson, Jr.
        James C. Simpson, Jr. (MSB# 6810)

James C. Simpson, Esq.
**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:     (228) 867-7141
Facsimile:     (228) 867-7142
jcs@wisecarter.com