**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBERT ELMORE, et al.**                                                    **PLAINTIFFS**

**v.**                                                                    **CIVIL NO. 3:16cv296-HSO-JCG**

**ACRE BEYOND THE RYE, LLC, et al.**                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT BARRY BERNSTEIN'S MOTION TO DISMISS [28]**

THIS MATTER IS BEFORE THE COURT on Defendant Barry Bernstein's

Motion to Dismiss [28] filed January 30, 2017. Plaintiffs Robert Elmore, Jeremy

Christopher, Ted Dibiase, Jr., Nicholas Coughlin, and Dofflin, LLC d/b/a Dofflin

Media Group, Dofflin Management, LLC, and Dofflin Strategies filed a Response

[31] on February 27, 2017. The time for Defendant Barry Bernstein to file a reply

has passed. After review of the Motion, the record, and relevant legal authority, the

Court finds that it lacks personal jurisdiction over Defendant Barry Bernstein and

his Motion to Dismiss should be granted.

## I.  BACKGROUND

A.    Facts and Procedural History

This matter arises out of a financial dispute between Plaintiffs Robert

Elmore, Jeremy Christopher, Ted Dibiase, Jr., Nicholas Coughlin, and Dofflin, LLC

d/b/a Dofflin Media Group, Dofflin Management, LLC, and Dofflin Strategies

("Plaintiffs") and Defendants Acre Beyond The Rye, LLC, Lyle Howry, Richard

Craig Manley, Barry Bernstein, and Andre Gordon, Individually, and as Owners of

Acre Beyond The Rye, LLC, Skinfly Entertainment, Lyle Howry, Individually, and as the Owner of Skinfly Entertainment, Cineview 3d Studios, LLC, Chris Dotson, Individually, and as the Manager of Cineview 3d Studios, LLC, and John Does 1-10 ("Defendants") over an attempt to produce a motion picture titled "Acre Beyond the Rye" (the "Movie"), in Mississippi in 2015.  Compl. [1] at 2-3.[1]

Plaintiffs' Complaint alleges that on July 26, 2015, actor James Caan and Defendants Andre Gordon ("Gordon") and Richard Manly ("Manly") met with Plaintiff Ted DiBiase, Jr. ("DiBiase") to discuss the Movie and to request that DiBiase introduce them to "residents of Mississippi who could provide short term loans to allow [t]he Movie to begin production and/or filming, as one of the original investors, Defendant Barry Bernstein, was wavering in his commitment to fund [t]he Movie." *Id*. at 8.  On July 27, 2015, a meeting was held at the office of Plaintiff Dofflin, LLC d/b/a Dofflin Media Group, Dofflin Management, LLC, and Dofflin Strategies ("Dofflin") between Plaintiffs Nicholas Coughlin ("Coughlin") and DiBiase, and Defendants Lyle Howry ("Howry"), Gordon, Manley, and Chris Dotson ("Dotson), who participated via telephone.  Jeff Ross, the producer of the Movie, also attended the meeting. *Id*. at 8-9.

The Complaint alleges that during this July 27, 2015, meeting Defendants provided DiBiase, Coughlin, and Dofflin with the following:

---

[1] On January 25, 2017, Defendants Lyle Howry, Richard Craig Manly, Andre Gordon, Skinfly Entertainment, and Chris Dotson were dismissed without prejudice because Plaintiffs failed to timely perfect service of process upon them pursuant to Federal Rule of Civil Procedure 4(m).  Order [27] at 1-2.

(a) written and/or oral assurances, promises, and/or guarantees that Defendant Barry Bernstein had previously provided a written guarantee for funding of The Movie up to $3,000,000.00;

(b) written and/or oral assurances, promises, and/or guarantees that Defendant Chris Dotson would fund The Movie up to $5,000,000.00;

(c) production of a letter from Wells Fargo Bank of the ability of Defendant Dotson "to procure funds up to $5,000,000 for the purpose to fund the film – *Acre Beyond the Rye*." (Please see Wells Fargo Letter, attached as Exhibit 1);

(d) documentation of The Movie's status as a project approved to move forward in the State of Mississippi, which would entitle The Movie and its producers to rebates up to $545,000.00 for money spent in Mississippi on The Movie (Please see Certificate, attached as Exhibit 2);

(e) that The Movie was fully insured; and

(f) other documentation concerning The Movie, its producers, the Movie's investor(s), and other business records demonstrating that the Movie was a legitimate, viable, and secure venture (Please see the Louisiana Secretary of State Documents and Articles of Organization regarding Acre Beyond the Rye, LLC, attached as Exhibit 3).

*Id*. at 9-10.

Based upon these alleged "written and oral assurances," Elmore and Christopher, neither of whom attended the meeting, allege that they each provided a short-term loan from July 27, 2015, to August 5, 2015, in the amount of $140,000.00 for a total of $280,000.00,[2] and further that DiBiase, Coughlin, and

---

[2] Elmore and Christopher claim that they each provided a short-term loan in the amount of $140,000.00, for a total of $280,000.00, but have only received one joint payment of $32,110.28 in return. Compl. [1] at 14-15; Promissory Notes [1-5] [1-6]. The Complaint also states that prior to Elmore and Christopher's execution of their Notes, Christopher contacted Wells Fargo Bank to confirm the legitimacy of the correspondence from its Vice President Marin M. Marine to Jeffery Ross, Stellaris

Dofflin each supplied services to Acre Beyond the Rye, LLC. *Id*. at 10-14. Plaintiffs'

investment of time and money allowed the production and filming of the Movie to

commence on July 29, 2015, in Madison County, Mississippi. *Id*. At some point the

funds ran out and production and filming were halted.

The Complaint alleges that Defendant Acre Beyond the Rye, LLC, a

Louisiana limited liability company, "was and remains to be the company

responsible for the approval, funding, production, management, operation, and

filming of the motion picture *Acre Beyond the Rye*."[3] Compl. [1] at 2-3 (emphasis in

original). The members of Acre Beyond the Rye, LLC, are identified as Defendant

Howry (Manager, Member), Defendant Manley (Member), and Defendant Barry

Bernstein (Member). Compl. Ex. 3 [1-3] at 4-5. Plaintiffs claim that all Defendants

were "were owners, managers, masters and servants, principals and agents and/or

employers and employees for the motion picture *Acre Beyond the Rye*." Compl. [1]

at 7 (emphasis in original).

The Complaint further asserts that all Defendants breached oral and written

contracts because they failed to compensate DiBiase, Coughlin, and Dofflin for their

services and failed to fully repay the short-term loans made by Elmore and

---

Films, indicating that Defendant Dotson could "procure up to $5,000,000.00 to fund
The Movie." *Id*. at 12; Ex. [1-1] at 1.

[3] According to the Mississippi Secretary of State's website, Acre Beyond the Rye,
LLC, registered to do business in the State of Mississippi on July 9, 2015.

Christopher.  *Id.* at 14-15.  Plaintiffs maintain that their collective damages are "in excess of $500,000.00 as a result of the Defendants' actions."  *Id.* at 14.

Plaintiffs advance claims against Defendants, jointly and severally, for: (1) Breach of Contract as to Plaintiffs Elmore and Christopher; (2) Breach of Contract as to Plaintiffs DiBiase, Coughlin, and Dofflin; (3) Bad Faith and Tortious Breach of Contract as to Plaintiffs Elmore and Christopher; (4) Bad Faith and Tortious Breach of Contract as to Plaintiffs DiBiase, Coughlin, and Dofflin; (5) Breach of Duties of Good Faith and Fair Dealing; (6) Negligent Misrepresentation; (7) Fraudulent Misrepresentation; (8) Promissory Estoppel; (9) Equitable Estoppel; (10) Negligence; (11) Negligent Infliction of Emotional Distress; (12) Outrage; (13) Tortious Interference with Business Relations; (14) Unjust Enrichment; and (15) Punitive Damages.  *Id.* at 14-24.

B.    Defendant Barry Bernstein's Motion to Dismiss [28]

On January 30, 2017, Defendant Barry Bernstein ("Bernstein") filed a Motion to Dismiss [28] pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Mot. [28] at 1-2.  Bernstein contends that the Complaint fails to identify a factual basis "which would support any Court in Mississippi exercising *in personam* jurisdiction over Bernstein," and that as an individual member of Acre Beyond the Rye, LLC, he is not a proper party to an action against Acre Beyond the Rye, LLC.  *Id.*

Plaintiffs' Response [31] maintains that Bernstein is a proper party because he "may be held liable for the acts of his agents and employees, including the acts or omissions committed by Defendants Howry, Manley, and Gordon." Resp. in Opp'n [31] at 1. Plaintiffs posit that Bernstein is subject to jurisdiction in the State of Mississippi pursuant to Mississippi's long-arm statute, Mississippi Code Annotated §13-3-57, because "Bernstein, his agents, partners, employees, and/or his company" entered into contracts, committed torts, and conducted business in the State of Mississippi. Mem. in Opp'n [32] at 6.

## II. DISCUSSION

### A. Legal Standard

"Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013). "[T]he party seeking to invoke the power of the court . . . bears the burden of establishing jurisdiction but is required to present only prima facie evidence." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG,* 688 F.3d 214, 219 (5th Cir. 2012) (quotation omitted). "In determining whether a prima facie case exists, this Court must accept as true [the Plaintiff's] uncontroverted allegations, and resolve in [its] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Id.* at 219-20. In cases arising under diversity of citizenship jurisdiction, the exercise of personal jurisdiction over a non-resident defendant is limited by the forum state's long-arm statute and the Due Process Clause of the Fourteenth

Amendment. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 398 (5th Cir. 2009). If

Mississippi law does not support the exercise of personal jurisdiction, the Court

need not reach the due process issue. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612,

621 (5th Cir. 1989).

B.      The Mississippi Long-Arm Statute

Federal Rule of Civil Procedure 4(k)(1)(A) confers personal jurisdiction over

any defendant who would be subject to personal jurisdiction under the long-arm

statute of the state in which the district court sits. The Mississippi long-arm

statute provides, in relevant part, as follows:

> Any nonresident person, firm, general or limited partnership, or
> any foreign or other corporation not qualified under the Constitution
> and laws of this state as to doing business herein, who shall make a
> contract with a resident of this state to be performed in whole or in part
> by any party in this state, or who shall commit a tort in whole or in part
> in this state against a resident or nonresident of this state, or who shall
> do any business or perform any character of work or service in this state,
> shall by such act or acts be deemed to be doing business in Mississippi
> and shall thereby be subjected to the jurisdiction of the courts of this
> state.

Miss. Code Ann. § 13-3-57. Mississippi courts interpret this statute as authorizing

> "three activities" which will permit Mississippi courts to exercise
> personal jurisdiction over a nonresident defendant: "(1) if that person
> has entered into a contract to be performed in Mississippi; (2) has
> committed a tort in Mississippi; or, (3) is conducting business in
> Mississippi."

*Dunn v. Yager,* 58 So. 3d 1171, 1184 (Miss. 2011) (quoting *Yatham v. Young,* 912 So.

2d 467, 469-70 (Miss. 2005)); *see also* Miss. Code § 13-3-57. The three prongs of

Mississippi's long-arm statute are commonly referred to as "the contract prong, the

tort prong, and the doing-business prong." *ITL Int'l, Inc. v. Constenla, S.A.,* 669

F.3d 493, 497 (5th Cir. 2012).

C.    <u>The Fourteenth Amendment Due Process Clause</u>

If a state's long-arm statute "encompasses the defendant's activity for

purposes of the suit, the plaintiff must also ensure that the state's exercise of

personal jurisdiction over a defendant would be permissible under the Fourteenth

Amendment." *Tellus Operating Group, LLC v. R&D Pipe Co.*, 377 F. Supp. 2d 604,

607 (S.D. Miss. 2005).  "The Due Process Clause of the Fourteenth Amendment

constrains a State's authority to bind a nonresident defendant to a judgment of its

courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  A nonresident defendant's

physical presence within the territorial jurisdiction of a court is not required.  *Id.*

However, a plaintiff must show that a defendant has "certain minimum contacts

with [Mississippi] such that maintenance of the suit does not offend the traditional

notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945) (quotation omitted).

Personal jurisdiction may be general or specific.  *ITL Int'l, Inc.,* 669 F.3d at

498.  General jurisdiction exists where the defendant has maintained "continuous

and systematic" contacts with the forum state, and a court may exercise jurisdiction

over any action brought against the defendant in that state.  *Helicopteros*

*Nacionales de Colombia v. Hall,* 466 U.S. 408, 415-16 (1984).  Specific jurisdiction is

claim-specific.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir.

2006). "If a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Id.* at 275.

D.      Bernstein's Rule 12(b) Motion should be granted because Plaintiffs have not made out a prima facia case that Bernstein is amenable to suit under Mississippi's long-arm statute.

Plaintiffs do not dispute that Bernstein is not a resident of the State of Mississippi, thus Bernstein must be amenable to suit under the Mississippi long-arm statute in order for the Court to have personal jurisdiction over him. Bernstein's Motion argues Plaintiffs have not and cannot establish that he is subject to Mississippi's long-arm statute because he has never been to Mississippi, has never entered into a contract to be executed in whole or part in Mississippi, and has never conducted business in Mississippi.

Plaintiffs respond that Bernstein is subject to the Mississippi long-arm statute under all three prongs due to his acts or omission or those of his "agents," and that "the acts and/or omissions giving rise to the claims against Defendants are thoroughly set forth in Plaintiffs' Complaint and are supported by uncontested facts and exhibits." Mem. in Opp'n [32] at 6, 9.

The relevant jurisdictional facts set forth in the Complaint appear sufficient to establish that Defendants Bernstein, Howry, and Manley are the members of a Louisiana limited liability company named Acre Beyond the Rye, LLC, which filed a charter and qualified to do business in Louisiana on May 11, 2015. Thereafter, it

9

appears that Acre Beyond the Rye, LLC, which is itself named as a Defendant in this case, registered to do business in Mississippi, entered into contracts with Mississippi residents, and conducted business in Mississippi by initiating the filming of the Movie.

Plaintiffs also allege that Defendants, other than Bernstein, met with some of them in Mississippi to discuss the production and financing of the Movie and that filming of the Movie actually began in Mississippi.

The documents attached to the Complaint include:

- Exhibit "1" – an undated letter from Marin M. Maine, Assistant Vice-President – Business Relations Manager, Wells Fargo to Jeffery Ross, Stellaris Films, providing that Chris Dotson has the ability to "procure funds up to $5,000,000 for the purpose to fund the film – Acre Beyond the Rye," [1-1] at 1;
- Exhibit "2" – includes a July 23, 2015, letter from Ward Emling, Manager, Mississippi Film Office, Mississippi Development Authority to Alan Steinman, The Acre Beyond the Rye, LLC, confirming the approval of the "Rebate Amendment of *The Acre Beyond the Rye* for eligibility under the Mississippi Motion Picture Incentive Act" and the May 20, 2015, "ORDER OF THE MISSISSIPPI DEVELOPMENT AUTHORITY CERTIFYING *The Acre Beyond the Ry*e UNDER THE MOTION PICTURE INCENTIVE ACT," [1-2] at 1-2;
- Exhibit "3" – includes documents from the Louisiana Secretary of State certifying that as of May 11, 2015, Acre Beyond the Rye, LLC, was successfully registered as a Louisiana limited liability company whose members were Lyle Howry (Manager, Member), Richard Craig Manly (Member), and Barry Allen Bernstein (Member), [1-3] at 1-5;
- Exhibit "4" – includes emails by and between Lyle Howry, Jeff Ross, and nick@dofflin.com, [1-4] at 1-3;
- Exhibit "5" - Promissory Note reflecting a loan in the principal amount of $140,000.00 from Robert T. Elmore to Acre Beyond the Rye, LLC, executed on July 27, 2015, by Elmore and Lyle Howry as Managing Member Acre Beyond the Rye, LLC, [1-5] at 1;
- Exhibit "6" – Promissory Note reflecting a loan in the principal amount of $140,000.00 from Jeremy Christopher to Acre Beyond the Rye, LLC,

executed on July 27, 2015, by Christopher and Lyle Howry as Managing Member Acre Beyond the Rye, LLC, [1-6] at 1;

- Exhibit "7" – Personal Guarantee executed by Lyle Howry (owner of Skinfly Entertainment) to Jeremy Christopher guaranteeing the repayment of the July 27, 2017, loan, [1-7] at 1; and
- Exhibit "8" – AGREEMENT executed by Lyle Howry as managing member of Acre Beyond the Rye, LLC, on January 21, 2016, that Acre Beyond the Rye, LLC, would fully satisfy the loans made by Elmore and Christopher, [1-8] at 1.

Plaintiffs' Memorandum in Opposition also included:

- Exhibit "1" – a copy of a check from the State of Mississippi to payee The Acre Beyond the Rye, LLC, in the amount of $32,110.28, [32-1] at 1; and
- Exhibit "2" – various web posting for a business in California titled "Bernstein, Samuels & Company, LLP," [32-2] at 1-5.

Assuming without deciding that Plaintiffs have proffered sufficient jurisdictional facts to establish that Acre Beyond the Rye, LLC, is subject jurisdiction in Mississippi under its long-arm statute, these facts are not sufficient by themselves to establish that Bernstein, as an individual, is likewise subject to personal jurisdiction. "Each defendant's contacts with the forum State must be assessed individually." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 722 (S.D. Miss. 2014) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)); *see also Evergreen Media Holdings, LLC v. Safron* Co., 68 F. Supp. 3d 664, 671 (S.D. Tex. 2014) ("Personal jurisdiction must be determined on an individual basis for each defendant.") (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Thus it is a separate question whether Bernstein, individually, separate and apart from Acre Beyond the Rye, LLC, as a corporate entity, has committed acts sufficient to make him subject to personal jurisdiction under Mississippi's long-arm statute.

11

Plaintiffs' Complaint lacks any reference to a contract or other document signed by Bernstein himself and does not identify any jurisdictional facts or evidence that Bernstein individually made any representation to any Plaintiff, or was ever present in Mississippi when any other Defendant made a representation or misrepresentation to any Plaintiff. *See Grand Legacy, LLP v. Grant*, 66 So. 3d 137, 145-47 (Miss. 2011). There is simply no factual evidence that Bernstein himself entered into any "written or oral contract" with any Plaintiff in the State of Mississippi, that Bernstein committed a tort in the State of Mississippi, that Bernstein conducted any business in the State of Mississippi, or that he was ever physically present in Mississippi. The factual allegations contained in Plaintiffs' Complaint and facts in the Exhibits, viewed in the light most favorable to Plaintiffs, are insufficient to sustain Plaintiffs' burden of stating a prima facia case that Bernstein is amenable to suit under Mississippi's long-arm statute.

Given the forgoing, the Court is of the view that personal jurisdiction over Bernstein would be inappropriate under the Mississippi long-arm statute. Since Mississippi law does not support the exercise of personal jurisdiction, the Court need not reach the due process analysis. *Cycles, Ltd.*, 889 F.2d at 616.

2.  <u>Plaintiffs' assertion that Defendants Howry, Manley, Dotson, and/or Gordon were acting as agents of Bernstein is not supported by the factual allegations in the Complaint or by the Exhibits.</u>

The Complaint alleges generally that all Defendants were "were owners, managers, masters and servants, principals and agents and/or employers and employees for the motion picture *Acre Beyond the Rye*." Compl. [1] at 7 (emphasis

in original).  Plaintiffs' Response posits that Bernstein was the "principal" of Acre Beyond the Rye, LLC, and is therefore bound by the actions of his "agents and employees," Defendants Howry and Manley, who are the other two individual members of Acre Beyond the Rye, LLC, and by those of Defendants Gordon and Dotson.  Resp. in Opp'n [31] at 1.

Plaintiffs have not set forth any, let alone sufficient, facts to support their allegation that Bernstein was the principal of Acre Beyond the Rye, LLC, or that other Defendants were authorized to act, or were acting, as agents of Bernstein. Assuming without deciding that Plaintiffs may have stated a sufficient factual basis to support an argument that the other Defendants could have been acting as agents of Acre Beyond the Rye, LLC, this alone does not establish that Defendants were authorized by Bernstein to act as his agents.

The Court is not required to accept Plaintiffs' conclusory allegation that the other Defendants were acting as Bernstein's agents because at this stage only non-conclusional factual allegations must be resolved in a plaintiff's favor.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868 (5th Cir. 2001); *Tellus Operating Grp., LLC*, 377 F. Supp. 2d at 606 (finding that the caveat exists that although a court must accept the allegations in a complaint as true, a court is not required to credit conclusory allegations, even if uncontroverted).

In Mississippi, "[t]he existence and scope of an actual agency relationship is a question of fact."[4] *Gross v. GGNSC Southaven, LLC*, 817 F.3d 169, 180 (5th Cir. 2016) (citing *Engle Acoustic & Tile, Inc. v. Grenfell*, 223 So. 2d 613, 617-18 (Miss. 1969)). "The burden of proving an agency relationship is on the party asserting it." *Cooper Indus., Inc. v. Tarmac Roofing Sys.*, 276 F.3d 704, 708 (5th Cir. 2002) (quoting *Booker v. Pettey*, 770 So. 2d 39, 45 (Miss. 2000)).

> We have previously noted that under Mississippi law, "an agency relationship may be express or de facto. A de facto agency may be proven by the presence of three elements at the time of contracting: (1) 'manifestation by the alleged principal, either by words or conduct, that the alleged agent is employed as such by the principal,' (2) 'the agent's acceptance of the arrangement,' and (3) 'the parties understood that the principal will control the undertaking.'" *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 870 (5th Cir. 2000) (quoting *Forest Oil Corp. v. Tenneco, Inc.*, 626 F. Supp. 917, 921 (S.D. Miss. 1986)).

*Id.* at 709.

Plaintiffs have not alleged any facts that Bernstein, acting in his individual capacity, granted any other Defendant the express authority to act as his personal agent. Likewise, Plaintiffs have not shown any instance when Bernstein, through words or conduct, informed Plaintiffs that any other Defendant was acting as his agent or employee. Plaintiffs did not allege that they ever spoke with Bernstein and they have not produced any document executed by Bernstein that would imply he granted any other Defendant the authority to act as his agent.

---

[4] Plaintiffs' Memorandum in Opposition [32] relies upon Mississippi agency law. Assuming without deciding that Plaintiffs' choice of law is appropriate, the Court analyzes the agency issue utilizing Mississippi agency law because Bernstein has not objected to Plaintiffs' reliance on Mississippi law on this point.

In their Memorandum in Opposition, Plaintiffs allege that Bernstein "created a company and registered it in Mississippi," Mem. in Opp'n [32] at 6, and then argue that Bernstein is the principal of this company such that the other Defendants were acting as his employees or agents. This position is contradicted by the facts alleged in the Complaint as well as the facts reflected in the Exhibits, which clearly establish that Arce Beyond the Rye, LLC, was created as a three-member limited liability company with Bernstein being identified as merely one of the members.[5]

The credible factual allegations and evidence before the Court, even if true, are insufficient to carry Plaintiffs' burden of establishing that Bernstein authorized any other Defendant to act as his agent in this matter.

3.     Bernstein's Rule 12(b)(6) need not be addressed.

Because personal jurisdiction does not lie against Bernstein, individually, the Court need not resolve Bernstein's Rule 12(b)(6) argument. *See Pervasive Software Inc.*, 688 F.3d at 231-32.

### III.  CONCLUSION

Defendant Barry Bernstein's Motion to Dismiss [28] will be granted pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Plaintiffs' claims against Bernstein will be dismissed without prejudice.

---

[5] The Court notes that the Complaint alleges that Defendants, other than Bernstein, were seeking additional funding because "one of the original investors, Defendant Barry Bernstein was wavering in his commitment to fund The Movie." Compl. [1] at 8.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant

Barry Bernstein's Motion to Dismiss [28] filed January 30, 2017, is **GRANTED**,

and Plaintiffs Robert Elmore, Jeremy Christopher, Ted Dibiase, Jr., Nicholas

Coughlin, and Dofflin, LLC d/b/a Dofflin Media Group, Dofflin Management, LLC,

and Dofflin Strategies' claims against Defendant Barry Bernstein are **DISMISSED**

**WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the stay entered in

this case on February 2, 2017, is hereby lifted, and the parties are directed to

contact the Magistrate Judge no later than September 11, 2017, to schedule a Case

Management Conference.

**SO ORDERED** this the 29th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE